DOWNEY, Judge.
Appellees sued the Broward County Health Department and several individuals *221 for malpractice arising out of the prescription of certain medication.
By motion the defendants contended that the State of Florida, Department of Health and Rehabilitative Services, Division of Health, was a necessary party and that service of process upon the chairman of the Board of County Commissioners of Broward County was insufficient to obtain jurisdiction over the Broward County Health Department. The denial of said motions presents the appellate question.
We find no authority, statutory or otherwise, mandating the joinder of the State of Florida, Department of Health and Rehabilitative Services, Division of Health. Thus, we affirm on that point.
Service of process upon the Bro-ward County Health Department is controlled by § 48.111(2), F.S., which provides for service of process upon the chief executive officer of the department. In the scheme of things provided for a county health department by Chapter 154, F.S. 1971, the director is the chief executive officer and the appropriate person upon whom process should be served to bind the county health department. See § 154.04, F.S.1971. Service of process upon the chairman of the board of county commissioners would be proper if Broward County was a defendant, but it is not.
Accordingly, the order denying the motion to dismiss for failure to join an indispensable party is affirmed, and the order denying the motion to dismiss for insufficiency of service of process is reversed.
WALDEN, J., concurs.
CROSS, J., dissents, with opinion.